IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRADLEY D. WILLIAMS,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Civil No. 2:14-cv-00053<br><br>Magistrate Judge Dustin Pead |

I.      PROCEDURAL BACKGROUND

Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying his claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Plaintiff filed for benefits in February 2008, originally alleging that he became disabled on December 28, 2005 (Certified Administrative Transcript (Tr.) 241-47), but later changing his alleged onset of disability date to January 24, 2008 (Tr. 42, 77-78). An administrative law judge (ALJ) held a hearing in June 2010 (Tr. 74-99). After the hearing, the ALJ found that Plaintiff was not disabled (Tr. 105-114). Plaintiff sought Appeals Council review of the ALJ's decision (Tr. 188-189), and the Appeals Council granted review and remanded the case back to the ALJ to "[g]ive further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations" (Tr. 119-123).

The ALJ held another hearing in September 2012 (Tr. 39-73), and again found that Plaintiff was not disabled under the Act (Tr. 17-32). In the second decision, the ALJ followed

the five-step sequential process for evaluating disability claims (Tr. 17-31) and found that Plaintiff had the severe impairments of affective disorder, attention deficit hyperactivity disorder (ADHD), personality disorder, anxiety disorder, and substance addiction disorder (Tr. 20). The ALJ found that Plaintiff could perform a range of medium work but would be off task 1% of the time in his ability to concentrate, follow detailed instructions, relate with others, interact with the general public and co-workers, and deal with stress, and that these percentages were to be considered individually rather than totaled together (Tr. 23). Based upon the vocational expert's testimony, the ALJ found that Plaintiff was capable of performing jobs that existed in significant numbers in the national economy (Tr. 31), and therefore was not disabled under the Act (Tr. 32).

The agency's Appeals Council then denied Plaintiff's request for review of the ALJ's second decision (Tr. 1), making that decision the final decision of the Commissioner for purposes of judicial review. *See* 20 C.F.R. §§ 416.1481, 422.210(a).

This matter is before the Court upon consent of the parties to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).

## II.   STANDARD OF REVIEW

The Court is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Substantial evidence means "more than a mere scintilla," or such evidence as a "reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401. The Court must not re-weigh the evidence, nor may it substitute its judgment for that of the ALJ. *See Lax*, 489 F.3d at 1084. Where the evidence as a whole supports the ALJ's decision, the decision must be affirmed, regardless of whether the Court

would have reached a different result if the matter was before it de novo. *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

### III. PLAINTIFF'S ALLEGATIONS OF ERROR

Plaintiff raises three arguments on appeal.  First, Plaintiff argues that the ALJ erred by failing to follow the Appeals Council's order on remand.  Second, Plaintiff argues that the ALJ erred by failing to properly evaluate the medical opinion evidence.  Third, Plaintiff argues that the ALJ erred by finding Plaintiff not credible based, in part, on his amended onset date (ECF No. 13, Plaintiff's Opening Brief (Pl. Br.) 2).  The Commissioner disputes these allegations (*see generally* ECF No. 15, Defendant's Answer Brief (Def. Br.)).

### IV. ANALYSIS

It is clear to the Court that underlying the ALJ's consideration of this matter was his concern with the providers' numerous records indicating a general belief that Plaintiff was malingering.  The ALJ considered, for example, examining psychiatrist Dr. Williams' notation that Plaintiff was guarded and evasive when answering questions, frequently contradicted himself, and tested positive for marijuana although he denied using it (Tr. 24, 27; *see* Tr. 528, 531).  This led Dr. Williams to note that he would need to rule out whether Plaintiff was malingering (Tr. 530).  Likewise, the ALJ considered treating psychologist Dr. Barney's opinion that Plaintiff could be playing a "sick role" or malingering (Tr. 27; *see* Tr. 516) and examining psychologist Dr. Dunford's testing results, which indicated that Plaintiff might be malingering (Tr. 27; *see* Tr. 600).

Given the providers concerns of malingering, the ALJ provided an extensive and thoughtful discussion of Plaintiff's credibility and the medical opinions of record (Tr. 24-30). Based thereon, the Court finds that the ALJ reasonably considered the medical opinions, both those about which the Appeals Council expressed concern in its remand order, and the other

opinions raised by Plaintiff. Also, while the ALJ did not explicitly tie Plaintiff's mental limitations with specific evidence in the record, in considering the ALJ's decision as a whole, it is clear that he was presented with a number of inconsistent opinions regarding Plaintiff's limitations, and that in response thereto he crafted Plaintiff's mental residual functional capacity considering both the medical opinions and concerns of malingering. Thus, the ALJ adequately considered the medical evidence relevant to Plaintiff's residual functional capacity in a manner sufficient to permit meaningful judicial review. *See Davis v. Erdmann*, 607 F.2d 917, 919 n.1 (10th Cir. 1979) ("While we may not supply a reasoned basis for the agency's action that the agency itself has not given . . . we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." (citations omitted)).

The Court therefore finds that the ALJ substantially complied with the Appeals Council's remand order. In making this finding, the Court gives no special significance to the Appeals Council's decision to not accept review of the second decision, as the Appeals Council did not expressly find that the ALJ had complied with its prior remand order.

Finally, the Court finds that while the ALJ may have been unartful in his discussion of Plaintiff's amendment of the disability date, this consideration is not significant given the other, valid reasons that the ALJ discussed as a basis for his determination that Plaintiff was less than fully credible. The ALJ's discussion of the amended onset date does not appear to have unduly influenced his consideration of Plaintiff's credibility.

IT IS THEREFORE ORDERED that the Commissioner's final decision denying Supplemental Security Income (SSI) to Plaintiff is AFFIRMED. Judgment shall enter accordingly.

Dated this 16th day of December, 2014.

                                                    BY THE COURT:

                                                   _____

                                                   Dustin B. Pead
                                                 U.S. Magistrate Judge